**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAYMES MOSS,

       Plaintiff,

vs.                                         No. CV 20-1197 JB/GBW

CURRY COUNTY DETENTION CENTER,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** is before the Court sua sponte under rule 41(b) of the Federal Rules of Civil Procedure on (i) Plaintiff Jaymes Moss' Relief Sought, filed November 16, 2020 (Doc. 1)("Complaint"); and (ii) its Order to Cure Defects, filed November 19, 2020 (Doc. 3)("Cure Order").  The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and for failure to prosecute.

In the Cure Order, the Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, determines that Moss' filing is treated properly as a civil rights claim under 42 U.S.C. § 1983, but concludes that the

> filing is not in proper form to assert civil rights claims and is not signed under penalty of perjury as required by Fed. R. Civ. P. 11(a).  In addition, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has not paid the $400.00 filing fee or submitted an application to proceed under § 1915.

Cure Order at 1-2.  <u>See</u> <u>Wiley v. Holt</u>, 42 F. App'x 399, 400 (10th Cir. 2002).  The Court also concludes "that the pro se filing is deficient because it is not in proper form or signed under penalty of perjury by Plaintiff, and Plaintiff has not paid the $400 filing fee or filed an Application to Proceed in the District Court Without Prepaying Fees and Costs."  Cure Order at 1.   Accordingly,

Magistrate Judge Wormuth ordered Moss to cure these deficiencies within thirty days by filing a complaint in proper form, and ordered Moss to either pay the filing fee or to submit an application to proceed in forma pauperis.  See Cure Order at 2.  Magistrate Judge Wormuth advises Moss that, if he failed to cure the deficiencies within the thirty-day time period, the Court could dismiss this proceeding without further notice.  See Cure Order at 2.  Magistrate Judge Wormuth sent Moss the forms for submitting a § 1983 complaint and an application under § 1915.  See Cure Order at 2-3.

    More than thirty days have passed since Magistrate Judge Wormuth issued its Cure Order, and Moss has neither submitted a complaint in proper form, paid the filing fee, submitted an application to proceed under § 1915, nor otherwise responded to the Cure Order.  Accordingly, Magistrate Judge Wormuth issued an Order to Show Cause, filed January 21, 2021 (Doc. 4).  In the Order to Show Cause, Magistrate Judge Wormuth directs Moss to show cause why the case should not be dismissed for failure to comply with the Court's Cure Order.  See Order to Show Cause at 1-2.  The Order to Show Cause also advises Moss that, if he did not respond to the Order to Show Cause within thirty days, the Court could dismiss this proceeding without further notice.  See Order to Show Cause at 3.  More than thirty days has elapsed since entry of the Order to Show Cause, and Moss has not responded to the Order to Show Cause, has not shown cause, and has not communicated with the Court.

    In addition, Moss has failed to comply with local rule 83.6, which requires parties to keep the Court advised as to their current address and to maintain contact with the Court.  See D.N.M. LR-Civ. 83.6.   At the time it was filed, the Complaint stated that Moss was incarcerated at the Curry County Detention Center ("CCDC").  See Complaint at 1.  A review of the CCDC records, however, indicates that Moss was released from CCDC custody on December 2, 2020, until March

17, 2021, when he was arrested, booked, and released.  Moss has again in CCDC custody since March 24, 2021.  During the he was released, Moss did not provide the Court with updated addresses.  See D.N.M. LR-Civ. 83.6.  Further, mail from the Court to Moss has been returned as undeliverable.  See Mail Returned as Under deliverable, filed February 1, 2021 (Doc. 5)(mailed to "Moss Jaymes," which is consistent with the Complaint's caption and the return address listed on the envelope which Moss used to mail the Court).

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from Moss or authorize Moss to proceed without prepayment of the fee.  Moss has failed to either pay the filing fee or submit an application to proceed under § 1915.  The Court directed Moss to comply with the statutory requirements or show cause why he should not be required to do so.  See Cure Order at 2.  Moss has not complied with or responded to the Court's Cure Order.  Further, when directed to show cause for his non-compliance, Moss has not responded to the Order to Show Cause.

Pro se litigants are also required to follow the federal rules of procedure and simple, nonburdensome local rules.  See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  See D.N.M. LR-Civ. 83.6.

Moss has not complied with Magistrate Judge Wormuth's orders, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with the local rules, and failed to prosecute this action.  The Court may dismiss this action under rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, to comply with the rules of civil procedure or local rules, to comply with 28 U.S.C. § 1915, and to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003)("Rule [41] . . . permit[s] courts to dismiss actions *sua*

*sponte* for a plaintiff's failure to . . . comply with [civil rules and] court orders."). Accordingly, the Court will dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with 28 U.S.C. § 1915, rules, and court order, and for failure to prosecute this proceeding. <u>See</u> Fed. R. Civ. P. 41(b); <u>Olsen v. Mapes</u>, 333 F.3d at 1204, n.3.

**IT IS ORDERED** that: (i) Plaintiff Jaymes Moss' Relief Sought, filed on November 16, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Moss Jaymes
Clovis, New Mexico

    *Plaintiff Pro se*